UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-94-F

| | |
|---|---|
| EVERETT WARNER WALLACE, JR., ) | |
| MELODY CHARLES WAGNER, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THE JIM PATTISON CORPORATION ) | |
| C.E.O. OF GUINNESS WORLD RECORDS, ) | |
| Defendant. ) | |

This matter is before the court on the Motion for Judgment on the Pleadings [DE-24] filed by Defendant Guinness World Records, Limited ("GWR").[1]

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Everett Warner Wallace, Jr., and Melody Charles Wagner, proceeding *pro se*, initiated this action by filing a Complaint in this court on April 16, 2012. In the Complaint, Plaintiffs allege the following:

> The Jim Pattison corporation is a company that catalogues world records for both human achievement and records of the natural world. We are holders of several Guinness World Records for growing the worlds [sic] tallest Zinnia and Marigold flowers grown from the seed stock developed by Everett's belated parents. We have a preponderance of clear and convincing document evidence that will prove the corporation for a number of years has committed fraud in numerous ways by making materially false, fictitious and fraudulent representation [sic]. The corporation has submitted false writings via media, including mail, telephone and through the internet. Also, we have found beyond a reasonable doubt that the corporation is printing fraudulent records against their own entry rules. Wthe corporation is doing is a crime,

---

[1] As discussed below, counsel for GWR contends that Plaintiffs have not identified the proper party defendant in this case.

1

a civil law violation, and our constitutional rights have been violated.

Compl. [DE-1] p.1 Plaintiffs seek the following relief:

> (a) We are urging the Jim Pattison corporation to shut down the Plaint world category inorder [sic] to put a stop to the corruption that has been in the system for many years.
> (b) We seek compensation in the ammount [sic] of $1,000,000 for the illegal wrong doing that has been committed against us for the last nine years.

*Id.* p. 2.

On May 24, 2012, Alistair Richards, managing director of Guinness World Records Limited, filed a "Response to Complaint" [DE-5] "on behalf and at the request of [its] parent company, the Jim Pattison Group." Response to Compl. [DE-5] p.1. The Clerk of Court construed the Response to be an Answer to the Complaint, and accordingly caused an Order For Discovery Plan [DE-6] to be filed on May 31, 2012.

On June 28, 2012, Plaintiffs filed a "Response to Mr. Alistair Richards Managing Director for Guinness World Records for the Defendant The Jim Pattison Corporation–C.E.O. of Guinness World Records under date May 21, 2012" [DE-10] and attached several exhibits thereto. Plaintiffs include a number of additional allegations in this Response, including the following:

- Plaintiffs' World Record for Tallest Zinnia, measured on October 23, 2008, was not certified by Guinness World Records until November 16, 2010, or more than two years after the fact, in violation of "Guinness World Records entry rules"
- Guinness World Records certified, on November 23, 2009, Plaintiffs' World Record for Tallest Marigold ("the 13-foot Marigold"), which was six years after Plaintiff filed the application, again in violation of "entry rules"
- Plaintiffs hold 16 Guinness World Records "that are in violation of the Guinness World Records entry rules that are not worth the paper they are written on because the Certificates are all Fraudulent"
- Plaintiffs were informed that the 13-foot Marigold had been added to the "database," but that was a lie.
- Plaintiffs were not given records for tying previous records for Tallest Marigold and Tallest Zinnia.

2

- Despite the Plaintiffs' 13-foot Marigold being certified as the Tallest Marigold in November 2009, a shorter marigold grown by a third person was recognized as the Tallest Marigold in the "Guinness World Record Book of 2010," published in September 2009.
- In 2011, Plaintiffs submitted another application, this time for a 16-foot Marigold. Plaintiffs were informed that they were certified for a world record, but instead of being certified for the 16-foot Marigold, the letter referenced the 13-foot Marigold.

Response [DE-10].

Subsequently, the Clerk of Court forwarded the instant case for the undersigned's review, noting that both the named defendant–The Jim Pattison Corporation–and the organization purporting to file a response to the Complaint on the named defendant's behalf–Guinness World Records–are organizational entities which may not proceed *pro se* in this court. In an Order filed on August 22, 2012 [DE-5], the court *sua sponte* ordered that the document filed by Alistair Richards be stricken from the record, due to the fact that Mr. Richards is not a licensed attorney permitted to practice in this court.

Two days later, an Answer [DE-12] was filed by counsel on behalf of GWR. In the Answer, GWR asserts that the defendant named in the caption does not exist, and that the Jim Pattison Corporation is the parent company of GWR. Answer [DE-12] p. 1, n.1.

On January 25, 2013, Plaintiffs filed a document captioned "Notice of Motion to Secure Marigold Flower Records 2003" [DE-22]. Therein, Plaintiffs ask the court to order Defendant to produce certain records, state that they will not consent to magistrate judge jurisdiction, and state that they believe the undersigned has the ability to shut down the "Plant World Category" of the Guinness World Records. On February 15, 2013, Defendant filed a response to Plaintiff's "Notice of Motion" and a Motion for Judgment on the Pleadings [DE-24].

In response to Defendant's Motion for Judgment on the Pleadings, Plaintiffs filed a document captioned "MOTION INQUIRY" [DE-27]. Therein, Plaintiffs do not make any substantive response to Defendant's arguments raised in the Motion for Judgment on the Pleadings, , but instead state the following:

> The Attorney's [sic] for the Defendant has informed the Plaintiff's [sic] that The Honorable James C. Fox U.S. District Senior Judge, does not have the authority or power to interfere by injunction in a legitimate business enterprise.
> Having said that, the Attorney's [sic] for the Defendant are telling the Plaintiff's that this Honorable Court does not have the power or the authority to even render a decision in this matter that has been pending before this Honorable Court since April 16, 2012, however, the Attorney's [sic] are asking this Honorable Court to deny our entire complaint, because they say you have no authority to rule on this matter that is pending.
> Plaintiff's [sic] request this Honorable Court to make an explicit finding as to where this Court stands on this very important issue.

Motion Inquiry [DE-27] p. 1.

In an Order filed June 14, 2013 [DE-28], the court denied the Plaintiff's Motion to Produce, observing that Plaintiffs failed to include a certification that they had in good faith conferred or attempted to confer with Defendant, pursuant to Rule 37. The court also observed that it appeared that Plaintiffs failed to serve Defendant with a request for production of documents pursuant to Rule 26. Out of an abundance of caution, the court stated, in response to Plaintiffs' inquiry, that it does have authority to rule on the pending Motion for Judgment on the Pleadings, and allowed Plaintiffs additional time to file a substantive response to the motion.

Plaintiffs timely filed a response. Therein, Plaintiffs ask the court to reconsider the portion of its June 14, 2013, Order denying their Motion to Produce. Plaintiffs also make a number of further factual allegations and requests for relief, including the following:

- The Guinness World Records transferred the Claim ID Number between the

4

- 16-foot Marigold and 13-foot Marigold.
- "The Records Management Team Guinness World Records" transferred the Membership Number between the Plaintiffs' Zinnia records.
- An employee of Guinness World Record changed the record text on one of Plaintiffs' Zinnia records without Plaintiffs' permission.
- Plaintiffs, for a time, marketed their zinnia seeds, but stopped marketing them in 2007 because Plaintiffs felt Defendant's alleged errors in made their World Records "not Genuine."
- Plaintiffs never received the "Original Standard Certificate" (as opposed to "Paper Copies, Repeat Copies, and Duplicate Copies") they paid Defendant for.
- Plaintiffs clarify they no longer seek the actual shut down of the "Plant World Category," but rather, just an overhaul of the "system that is in place, because the system is Arbitrary and Capricious."

July 9, 2013 Amended Response [DE-30]. Defendant filed a Reply [DE-32], and Plaintiffs, without permission from the court, filed a Sur-reply [DE-33].[2] The Motion for Judgment on the Pleadings is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "[T]he defense of failure to state a claim upon which relief can be granted as set forth in Rule 12(b)(6) may be raised by motion for judgment on the pleadings." *Burbach Broad. Co. of Del. v. Elkins Radio*

---

[2] In the Sur-reply, Plaintiffs take umbrage at Defendant's counsel referring to the numerous exhibits attached to their filings as "miscellaneous documents." Plaintiffs should be aware that the undersigned's practice preferences provide the following:
> Judge Fox is zealously protective of the integrity of the federal court and the legal profession. Counsel are cautioned that gamesmanship, sandbagging, name-calling or any other type of behavior unbecoming a member of the bar of this court will not be tolerated.

See Practice Preferences–The Honorable Senior United States District Judge James C. Fox, available at http://www.nced.uscourts.gov/judges/foxpref.aspx. Although Plaintiffs are proceeding *pro se*, and are not members of the legal profession, they still must conduct themselves with civility in this court.

5

*Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). *See also* FED. R. CIV. P. 12(h)(2). When faced with a motion for judgment on the pleadings, courts apply the "same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." *Elkins Radio*, 278 F.3d at 405-06.

That is, a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.' " *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 555 (2007). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 129 S.Ct. at 1949-50. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301-02 (4th Cir. 2008)(quotations omitted).

The standard for evaluating sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Nonetheless, a *pro se* plaintiff may not simply present conclusions to the court, but must "allege with specificity some minimum level of factual support" for his claim in order to avoid dismissal. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); *see also Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se*

6

complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted).

## III. ANALYSIS

Defendant moves for judgment on the pleadings, arguing that there is no legal or factual basis for the relief sought by Plaintiffs in the Complaint. The court agrees.

As detailed above, in the Complaint Plaintiffs "seek compensation in the amount of $1,000,000.00" and "urg[e] the Jim Pattison corporation to shut down the Plant world category inorder [sic] to put a stop to the corruption that has been in the system for many years." Compl. [DE-1] p. 1. Broadly construing the Complaint, the court discerns that Plaintiffs are seeking equitable relief and compensatory damages for Defendant's alleged fraud,[3] based on their allegations that (1) Defendant "for a number of years has committed fraud in numerous ways by making materially false, fictitious and fraudulent representation[s];" (2) Defendant "has submitted false writings via the media, including mail, telephone and through the internet," and (3) Defendant "is printing fraudulent records against their own entry rules." *Id.* Plaintiffs' conclusory allegations, however, are insufficient to state a claim for fraud.

---

[3] The Complaint could also perhaps be construed as attempting to state a claim under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' unspecified "constitutional rights." *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Any such claim fails, however, because, *inter alia*, there is no suggestion that Defendant acted under color of law. *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that a private party's actions may be deemed "state action" only when "the state has so dominated such activity as to convert it to state action").

7

Case 7:12-cv-00094-F   Document 34   Filed 08/14/13   Page 7 of 10

To state a claim for actionable fraud under North Carolina law,[4] a plaintiff must allege facts showing the following: " '(1) False representation or concealment of a material fact, (2) reasonably calculated to deceived, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.' " *Forbis v. Neal*, 361 N.C. 519, 526-27, 649 S.E.2d 382, 387 (2007) (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E. 2d 494, 500 (1974)). Additionally, the Federal Rules of Civil Procedure require that "special matters," such as fraud claims, be pleaded with particularity. *See* FED. R. CIV. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). The "circumstances" of a fraud claim that must be pleaded with particularity include "the time, place, and contents of false representations, as well as the identity of the person making the representations and what they obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). In this case, the Complaint is devoid of factual details that would satisfy Rule 9(b)'s particularity requirements or that would give rise to a plausible claim of fraud. Simply stating the label "fraud" numerous times–which is in essence all Plaintiffs have done in the Complaint– is not sufficient to state a claim for fraud. *See Twombly*, 550 U.S. at 555 (explaining that a complaint does not need detailed factual allegations but must have "more than labels and conclusions). Accordingly, to the extent that Plaintiffs attempt to state a claim for fraud, Defendant's motion for judgment on the pleadings is ALLOWED.[5]

---

[4] The court assumes, for purposes of this motion, that North Carolina law governs any tort claims asserted by Plaintiffs.

[5] In so ruling, the court only has considered the original Complaint [DE-1] and the Answer [DE-12] filed by Defendant. *See Dobson v. Central Carolina Bank & Trust Co.*, 240 F. Supp. 2d 516, 519 (M.D.N.C.) ("In a judgment on the pleadings setting, a court is strictly constrained to base its decision solely on information obtained from the pleadings."); *see also*

8

The court is cognizant that it has the discretion to dismiss a claim with or without prejudice, and where a defect in the complaint is curable, a claim should be dismissed without prejudice. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (explaining that ordinarily a court, when ruling on a motion to dismiss, should allow a plaintiff to file at least one amended complaint " 'regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff can actually state a claim' ") (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357, at 360-67 (2d ed 1990)). As the court's recounting of the procedural and factual history demonstrates, Plaintiffs have included additional factual details in each of their filings with the court, and appear to suggest that they also assert a claim for breach of contract. Plaintiffs have not, however, moved to amend their complaint. Although the court has doubts that the additional facts will ultimately save Plaintiffs' claims, the court is mindful of the Fourth Circuit's admonition that a plaintiff should be given the "opportunity to cure a formal defect in his pleading . . . even though the court doubts that plaintiff will be able to overcome the defects." *Id.* at 252-53.

Accordingly, Plaintiffs' Complaint is DISMISSED without prejudice to Plaintiffs to file an Amended Complaint within twenty-one days of the filing date of this Order. If Plaintiffs fail to file an amended complaint within that time period, the court will, without further notice, issue an order

---

FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must given a reasonable opportunity to present all the material that is pertinent to the motion."). Plaintiffs have included additional factual details in each of their filings with the court, along with numerous exhibits. The court, nevertheless, has not considered these additional factual allegations and exhibits when determining whether Plaintiffs have stated a claim.

9

dismissing this case with prejudice. If, however, Plaintiffs do file an amended complaint within that time period, Defendants may file an answer or other responsive motion within the time period allowed by the Federal Rules of Civil Procedure and the Local Rules.

Additionally, to the extent Plaintiffs ask the court to reconsider its previous order denying their motion to produce certain records, the request is DENIED. The court has reviewed its June 14, 2013 Order [DE-28], and it is correct and in accordance with the law.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Judgment on the Pleadings [DE-24] is ALLOWED, and Plaintiffs' Complaint [DE-1] is DISMISSED without prejudice to file an amended complaint within twenty-one days of the filing date of this order. If Plaintiffs fail to tile an amended complaint within that time period, the court will, without further notice, issue an order dismissing this case with prejudice. If, however, Plaintiffs do file an amended complaint with the permitted time period, Defendant may file an answer or responsive motion within the time allowed b the Federal Rules of Civil Procedure and the Local Rules.

SO ORDERED.

This the 14th day of August, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

10