UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-94-F

|  |  |  |
|---|---|---|
| EVERETT WARNER WALLACE, JR., | ) | |
| MELODY CHARLES WAGNER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE JIM PATTISON CORPORATION | ) | |
| C.E.O. OF GUINNESS WORLD RECORDS, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion to Dismiss [DE-40] filed by Defendant Guiness World Records, Limited ("GWR"). For the reasons stated below, the motion is ALLOWED.

## BACKGROUND

Plaintiffs Everett Warner Wallace, Jr., and Melody Charles Wagner, proceeding *pro se*, initiated this action by filing a Complaint in this court on April 16, 2012. In the original Complaint, Plaintiffs alleged the following:

> The Jim Pattison corporation is a company that catalogues world records for both human achievement and records of the natural world. We are holders of several Guinness World Records for growing the worlds [sic] tallest Zinnia and Marigold flowers grown from the seed stock developed by Everett's belated parents. We have a preponderance of clear and convincing document evidence that will prove the corporation for a number of years has committed fraud in numerous ways by making materially false, fictitious and fraudulent representation [sic]. The corporation has submitted false writings via media, including mail, telephone and through the internet. Also, we have found beyond a reasonable doubt that the corporation is printing fraudulent records against their own entry rules. Wthe corporation is doing is a crime, a civil law violation, and our constitutional rights have been violated.

Compl. [DE-1] p.1 Plaintiffs sought the following relief:

1

(a) We are urging the Jim Pattison corporation to shut down the Plaint world category inorder [sic] to put a stop to the corruption that has been in the system for many years.
(b) We seek compensation in the ammount [sic] of $1,000,000 for the illegal wrong doing that has been committed against us for the last nine years.

*Id.* p. 2.

On May 24, 2012, Alistair Richards, managing director of Guinness World Records Limited, filed a "Response to Complaint" [DE-5] "on behalf and at the request of [its] parent company, the Jim Pattison Group." Response to Compl. [DE-5] p.1. The Clerk of Court construed the Response to be an Answer to the Complaint, and accordingly caused an Order For Discovery Plan [DE-6] to be filed on May 31, 2012.

On June 28, 2012, Plaintiffs filed a "Response to Mr. Alistair Richards Managing Director for Guinness World Records for the Defendant The Jim Pattison Corporation–C.E.O. of Guinness World Records under date May 21, 2012" [DE-10] and attached several exhibits thereto. Plaintiffs include a number of additional allegations in this Response, including the following:

- Plaintiffs' World Record for Tallest Zinnia, measured on October 23, 2008, was not certified by Guinness World Records until November 16, 2010, or more than two years after the fact, in violation of "Guinness World Records entry rules"
- Guinness World Records certified, on November 23, 2009, Plaintiffs' World Record for Tallest Marigold ("the 13-foot Marigold"), which was six years after Plaintiff filed the application, again in violation of "entry rules"
- Plaintiffs hold 16 Guinness World Records "that are in violation of the Guinness World Records entry rules that are not worth the paper they are written on because the Certificates are all Fraudulent"
- Plaintiffs were informed that the 13-foot Marigold had been added to the "database," but that was a lie.
- Plaintiffs were not given records for tying previous records for Tallest Marigold and Tallest Zinnia.
- Despite the Plaintiffs' 13-foot Marigold being certified as the Tallest Marigold in November 2009, a shorter marigold grown by a third person was recognized as the Tallest Marigold in the "Guinness World Record Book of 2010," published in September 2009.

2

- In 2011, Plaintiffs submitted another application, this time for a 16-foot Marigold. Plaintiffs were informed that they were certified for a world record, but instead of being certified for the 16-foot Marigold, the letter referenced the 13-foot Marigold.

Response [DE-10].

Subsequently, the Clerk of Court forwarded the instant case for the undersigned's review, noting that both the named defendant–The Jim Pattison Corporation–and the organization purporting to file a response to the Complaint on the named defendant's behalf–Guinness World Records–are organizational entities which may not proceed *pro se* in this court. In an Order filed on August 22, 2012 [DE-5], the court *sua sponte* ordered that the document filed by Alistair Richards be stricken from the record, due to the fact that Mr. Richards is not a licensed attorney permitted to practice in this court.

Two days later, an Answer [DE-12] was filed by counsel on behalf of GWR. In the Answer, GWR asserted that the defendant named in the caption does not exist, and that the Jim Pattison Corporation is the parent company of GWR. Answer [DE-12] p. 1, n.1.

On January 25, 2013, Plaintiffs filed a document captioned "Notice of Motion to Secure Marigold Flower Records 2003" [DE-22]. Therein, Plaintiffs asked the court to order Defendant to produce certain records, stated that they will not consent to magistrate judge jurisdiction, and stated that they believe the undersigned has the ability to shut down the "Plant World Category" of the Guinness World Records. On February 15, 2013, Defendant filed a response to Plaintiff's "Notice of Motion" and a Motion for Judgment on the Pleadings [DE-24].

In response to Defendant's Motion for Judgment on the Pleadings, Plaintiffs filed a document captioned "MOTION INQUIRY" [DE-27]. Therein, Plaintiffs did not make any substantive response

3

to Defendant's arguments raised in the Motion for Judgment on the Pleadings, but instead asked the court to make an explicit finding on whether it had authority to rule on the instant case.

In an Order filed June 14, 2013 [DE-28], the court denied the Plaintiff's Motion to Produce, observing that Plaintiffs failed to include a certification that they had in good faith conferred or attempted to confer with Defendant, pursuant to Rule 37. The court also observed that it appeared that Plaintiffs failed to serve Defendant with a request for production of documents pursuant to Rule 26. Out of an abundance of caution, the court stated, in response to Plaintiffs' inquiry, that it does have authority to rule on the pending Motion for Judgment on the Pleadings, and allowed Plaintiffs additional time to file a substantive response to the motion.

Plaintiffs timely filed a response. After Defendant filed a Reply [DE-32], and Plaintiffs, without permission from the court, filed a Sur-reply [DE-33], the court issued an order [DE-34], allowing Defendant's Motion for Judgment on the Pleadings. The court dismissed Plaintiffs' complaint without prejudice to Plaintiffs filing an Amended Complaint within 21 days. *See* August 14, 2013, Order [DE-34] pp. 9-10.

In response, Plaintiffs filed a document denominated as "'Motion' to Amend Plaintiff's [sic] Complaint" [DE-35]. Defendant timely filed a response [DE-36], arguing that the case should be dismissed because Plaintiffs have failed to comply with the court's August 14, 2013, Order, in that they filed a motion to amend the complaint, instead of filing an amended complaint itself. In the alternative, Defendant asked that if the court consider Plaintiffs' Motion [DE-35] to constitute an amended complaint, that it be afforded an additional 14 days to move, plead, or otherwise respond to the amended complaint.

In an Order filed on November 25, 2013 [DE-39], the court stated that it was construing

4

Plaintiff's motion to amend as their attempt to file an amended complaint, and directed the Clerk of Court to re-designate the document accordingly. The court further ordered that Defendant had an additional 21 days to move, plead, or otherwise respond to the Amended Complaint. Defendant timely filed its Motion to Dismiss [DE-40] to which Plaintiffs timely responded [DE-44].

## FACTS

Plaintiffs' Amended Complaint asserts a breach of contract claim, and sets forth a number of allegations and includes GWR documents related to world record attempts, as well as communications between Plaintiff and GWR as exhibits thereto in support of the asserted breach of contract claim. The allegations generally relate to alleged actions by GWR that are allegedly in violation of GWR's "entry rules."

Specifically, Plaintiffs first describe a world record attempt related to an 8-foot, 8-inch Zinnia dated October 31, 2004. Am. Compl. [DE-35] at 2. Plaintiffs also allege that they filed an application for a 13-foot Marigold, which was denied in November 2003. *Id.* at. 2-3. The Amended Complaint references a visit from a GWR "Records Researcher Event Adjudicator" that occurred in January 2005, who allegedly "chose [Plaintiffs'] 12'6" Zinnia flower over the 8'8" Guinness World Record that [Plaintiffs] paid the service for." *Id.* at 2. The "certification" for the 12'6" Zinnia was entered in 2004. *Id.*

Plaintiffs also allege that they filed an application for a world record in connection with a 16-foot Marigold on January 27, 2011, and that the "Claim ID" and "Membership Number" for this plant were placed on a certificate given for a different entry that was made in September 1990. *Id.* at 3. Plaintiffs next allege that the 13-foot Marigold was certified as a world record on November 23, 2009—six years after the Plaintiffs filed the application for it "in violation of 'entry rules.'" *Id.* The

5

Plaintiffs allege that GWR "lie[d]" about adding the 13-foot Marigold to the "database." *Id.* Next, the Plaintiffs reference an alleged failure on the part of GWR to give records for tying previous records for Tallest Marigold and Tallest Zinnia, even though their 13-foot marigold was certified in November 2009. *Id.* at 2-3. With respect to Plaintiffs' Zinnia entry, Plaintiffs allege that their entry was measured on October 23, 2008, but not certified until November 16, 2010 and that the certification "more than two years after the fact" is "in violation of Guinness World Records entry rules." *Id.* at 4. Next, Plaintiffs allege that the text on "one of Plaintiffs' Zinnia records" was changed by GWR "without Plaintiffs' permission." *Id.* The Plaintiffs allege that they stopped "marketing" zinnia seeds in 2007 "because the Defendant's World Records issued to Plaintiffs' [sic] are 'not Genuine.'" *Id.* Plaintiffs allege that they hold 18 world records that are in "violation of the Guiness World Record entry rules." *Id.* Plaintiffs additionally allege they never received "the 'Original Standard Certificate' (as opposed to "Paper Copies, Repeat Copies and Duplicate Copies") [they] paid Defendant for, because he [sic] system is 'Arbitrary and Capricious.'" *Id.*

In addition to these allegations, Plaintiffs ask the court "to consider the factual details in each of [their] filings with the Court to be entered into the record." *Id.* at 1.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have

'enough facts to state a claim to relief that is plausible on its face.' " *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 555 (2007). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 129 S.Ct. at 1949-50. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301-02 (4th Cir. 2008)(quotations omitted).

The standard for evaluating sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Nonetheless, a *pro se* plaintiff may not simply present conclusions to the court, but must "allege with specificity some minimum level of factual support" for his claim in order to avoid dismissal. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); see also *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted).

## ANALYSIS

Defendant moves to dismiss Plaintiffs' Amended Complaint, arguing that Plaintiffs have failed to state a claim. The court agrees.

### A.  Breach of Contract

In the Amended Complaint, Plaintiffs assert a breach of contract claim. "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that

7

contract." *Poor v. Hill*, 138 N.C. Ap. 19, 26, 530 S.E.2d 838, 842 (2000) (citation omitted). Under North Carolina law, a valid contract requires (1) assent; (2) mutuality of obligation; and (3) definite terms. *Schlieper v. Johnson*, 195 N.C. App. 257, 265, 672 S.E.2d 548, 553 (2009). "It is a well-settled principle of contract law that a valid contract exists only where there has been a meeting of the minds as to all the essential terms of the agreement." *Northington v. Michelotti*, 121 N.C. App. 180, 184, 464 S.E.2d 711, 714 (1995). Accordingly, "a contract that leav[es] material portions open for future agreement is nugatory and void for indefiniteness." *Miller v. Rose*, 138 N.C. App. 582, 587-88, 532 S.E.2d 228, 232 (2000)(citation and quotations omitted).

As Defendants note, even when considering the entire record of this matter, Plaintiffs have failed to allege the breach, or even the existence, of a valid contract. Although Plaintiffs refer repeatedly to a violation of entry rules, they have failed to allege that Defendant agreed to abide by entry rules, or even what the rules entail. None of the documents indicate Defendant's intent to be bound by certain rules or guidelines. None of the documents submitted by Plaintiffs evince an obligation by Defendant to award Plaintiffs a world record under any circumstances,[1] let alone an obligation by Defendant to place a certain Claim ID or Membership Number to a particular record or certification, or obtain Plaintiffs' permission before changing the record text on any of the certificates. Nor do any of the allegations or documents indicate that Defendant agreed to send Plaintiffs an "Original Standard Certificate" as opposed to "Paper Copies, Repeat Copies and Duplicate Copies."

---

[1] Indeed, one document filed by Plaintiffs demonstrates that Defendant's decision as to acceptance of records is entirely discretionary. *See* [DE-35-3] ("It is at our sole discretion which records are accepted to enter the *Guinness World Records* and our editorial decision is final."). Accordingly, despite Plaintiffs' belief otherwise, it does not appear that world records awarded by Defendant are a contractual right or entitlement.

8

In sum, Plaintiffs have not alleged a valid contract obligating Defendants' performance, nor have they adequately alleged the breach of any purported contract. Without sufficient allegations as to these two essential elements, Plaintiffs' breach of contract claim must be DISMISSED.

**B.    Fraud**

As the court has observed, Plaintiffs ask the court "to consider the factual details in each of [their] filings with the Court to be entered into the record." *Id.* at 1. To extent this means Plaintiffs are attempting to re-allege the fraud claim this court previously has dismissed, the claim is DISMISSED.

The court previously dismissed Plaintiff's purported claim for fraud in its August 14, 2013, Order [DE-34], finding that Plaintiffs' conclusory allegations were insufficient to state a claim for fraud. Nothing in the documents filed by Plaintiffs since this ruling changes the court's conclusion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DE-40] is ALLOWED, and Plaintiffs' Amended Complaint [DE-35] is DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 1t day of July, 2014.

JAMES C. FOX
Senior United States District Judge